NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONTEL PRODUCTS CORPORATION, a New Jersey Corporation,<br><br>                          Plaintiff,<br><br>     v.<br><br>TOP SOURCE MEDIA L.L.C., a Minnesota limited liability company, and ROBERT ANDERSON, an individual.<br><br>                          Defendants. | Civil Action No.: 22-04141<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

Before the Court is plaintiff Ontel Products Corporation's ("Plaintiff" or "Ontel") Motion to Transfer Venue to the United States District Court for the District of Minnesota. ECF No. 35. This motion is unopposed given that defendants Top Source Media, LLC, and Robert Anderson (collectively "Defendants") have yet to appear in this action. *See* ECF Nos. 27, 31. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **GRANTED**.

**I.**      **BACKGROUND**

Plaintiff filed its original complaint on June 17, 2022, against several entities that have since been dismissed without prejudice from this action. *See* ECF Nos. 1, 11. On October 25, 2022, Plaintiff filed a motion for leave to amend its complaint to add Defendants, "Top Source L.L.C., a Minnesota limited liability corporation, and Robert Anderson, an individual." ECF No. 14, Ex. A ("Amended Complaint"). Plaintiff sought to amend its initial complaint because Plaintiff

discovered that Defendants owned and operated the allegedly infringing website that is the subject of those claims. *Id*. The Amended Complaint asserted causes of action for trademark infringement, unfair competition, and copyright infringement against Defendants. *See id.*

On November 8, 2022, this Court granted leave to amend the complaint to add Defendants. *See* ECF No. 15. The following week, Plaintiff effectuated service of the Summons and Amended Complaint on both Defendants through personal service on Robert Anderson at his personal address in Minnesota, which was also the registered office address and principal executive office address for Top Source. *See* ECF Nos. 23-24. Defendants failed to answer or otherwise acknowledge the existence of this action. As a result, Plaintiff filed a Motion for Default Judgment against Defendants on March 30, 2023. *See* ECF No. 29.

On October 26, 2023, the Honorable Kevin McNulty denied Plaintiff's Motion for Default Judgment because Ontel had failed to set forth a prima facie case of personal jurisdiction. ECF No. 32. In its Order, this Court directed Ontel to either: (1) provide proof of valid service accompanied by a demonstration that the Defendants are subject to the jurisdiction of the District of New Jersey; or (2) move to transfer venue of this action under 28 U.S.C. § 1631. *Id.*

## II. DISCUSSION

In October 2023, this Court identified a lack of personal jurisdiction over the present action. *See* ECF No. 32. Because this Court lacks jurisdiction, "it is required to determine whether the matter should be transferred." *Johnson v. Gorham*, 19-cv-16769, 2021 WL 2566397, at *2 (D.N.J. June 23, 2021). Plaintiff now seeks a transfer to the District of Minnesota. ECF No. 35-1.

In determining whether transfer to the District of Minnesota is warranted under 28 U.S.C. § 1631, this Court must consider (1) whether the action "could have been brought" in the transferee district, and (2) if transfer is in the "interests of justice." 28 U.S.C. §

2

1631; *see also Shepler v. Big Sky Resort*, 2020 WL 6786028, at *3 (D.N.J. Nov. 2, 2020) (quoting *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009)). To satisfy the first prong—whether the action "could have been brought" in the District of Minnesota—the transferee court must have (i) subject matter jurisdiction, (ii) venue, and (iii) personal jurisdiction. *Id.* The Court will analyze these factors in turn and apply the law of the transferee forum to make these determinations. *See Kim v. Korean Air Lines Co., Ltd.* 513 F. Supp. 3d 462, 472 (D.N.J. Jan. 14, 2021).

First, the Court finds that the District of Minnesota has subject matter jurisdiction. Judge McNulty previously found that this Court had subject matter jurisdiction over these claims through federal question and supplemental jurisdiction. ECF No. 31 at 4 ("Ontel brings claims under federal trademark, copyright, unfair competition, and cyberpiracy laws, which is sufficient to create federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the remaining state law causes of action under 28 U.S.C. § 1367 because the federal and state law claims all rely on the same alleged conduct, and thus are part of the same case or controversy."). For the same reasons, the District of Minnesota also has subject matter jurisdiction through federal question and supplemental jurisdiction. *See Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1246 (2010) ("Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338."); *see also Protégé Biomedical, LLC v. Z-Medica, LLC*, 394 F. Supp. 3d 924, 936 (D. Minn. 2019) ("Under 28 U.S.C. § 1367, in any civil action of which the district courts have original jurisdiction, a district court has supplemental jurisdiction over all claims that . . . form part of the same case or controversy.") (internal quotations and citations omitted).

Second, the District of Minnesota is the proper venue for this action. Venue is proper (1) where "any defendant resides, if all defendants are residents of the State in which the district is located," (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) where "any defendant is subject to the court's personal jurisdiction with respect to such action" where the action cannot otherwise be brought in any other district. 28 U.S.C. § 1391(b). Plaintiff alleges that both Robert Anderson and Top Source are domiciled in the state of Minnesota. *See* ECF No. 35 at 5-6. "With respect to an individual, 'residency' under the venue statute is synonymous with domicile." *See Safeco Ins. Co. of Indiana v. Carlson*, 274 F. Supp. 3d 904, 907 (D. Minn. 2017) (quoting 28 U.S.C. § 1391(c)(1)). And a "defendant corporation is considered a resident of each state where it is incorporated, is licensed to do business, or is doing business." *Munsingwear, Inc. v. Damon Coats, Inc.*, 449 F. Supp. 532, 536 (D. Minn. 1978) (citing 28 U.S.C. § 1391(c)). Here, Plaintiff was personally served at his address in Hastings, Minnesota, on November 12, 2022. *See* ECF No. 24. This Hastings address where Anderson was served is also the registered office address and principal executive office of Top Source. *See* ECF No. 23. The entity was also served at this address. *See id.* Plaintiff asserts that individual defendant Robert Anderson remains domiciled in Minnesota, albeit at a new address. *See* ECF No. 35 at 6. Accordingly, the District of Minnesota is a proper venue for this action given that both defendants are considered residents of the state of Minnesota.

Third, the District of Minnesota has personal jurisdiction over Defendants. "There are two types of personal jurisdiction: general and specific." *Sleep No. Corp. v. Young*, 507 F. Supp. 3d 1081, 1087 (D. Minn. 2020) (citing *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017). Here, Plaintiff argues that the District of Minnesota has general jurisdiction over Defendants because they are both domiciled in the state. "For an

4

individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "For a corporation, it is where the corporation is 'fairly regarded as at home'—usually where the corporation is incorporated and where it has its principal place of business." *Sleep No. Corp.*, 507 F. Supp. 3d at 1087 (quoting *Bristol-Myers Squib*, 137 S. Ct. at 1780). As discussed above, both Defendants are properly considered "at home" in the state of Minnesota. *See id.* Thus, the District of Minnesota has personal jurisdiction. *Shepler*, 2020 WL 6786028, at *3.

As to the second prong of the Court's inquiry—whether the transfer is in the "interests of justice"—the Court's evaluation is discretionary. *Smith v. Bishop*, 2023 WL 128786, at *3 (D.N.J. Jan. 9, 2023). When jurisdiction is available in another court, as here, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, Civ. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020) (alteration and citation omitted). Nothing in the present record suggests that a dismissal would better serve the interests of justice. Therefore, this Court finds that a transfer is warranted.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to transfer venue (ECF No. 35) is granted.

**Accordingly, IT IS** on this 22nd day of August, 2024,

**ORDERED** that Plaintiff's motion to transfer venue (ECF No. 35) is **GRANTED**; and it is further

**ORDERED** that the clerk shall transfer this case to the U.S. District Court for the District of Minnesota; and it is further

**ORDERED** that the clerk shall close this case.

**SO ORDERED.**

                                                */s/ Claire C. Cecchi*
                                        **CLAIRE C. CECCHI, U.S.D.J.**